UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TAMALA SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPASS GROUP USA, INC.,<br><br>    Defendant. | Case No. 18-cv-04411-LB<br><br>**ORDER ADDRESSING DISCOVERY DISPUTE REGARDING PRIVILEGE**<br><br>Re: ECF No. 23 |

**INTRODUCTION**

Plaintiff Tamala Smith and defendant Compass Group USA, Inc., raise a dispute with respect to twelve documents that Compass is withholding from production on the basis of attorney-client privilege or work-product protection.[1] These documents were either drafted by or sent to Gina Davito, a licensed attorney who works as a Labor Relations Manager in Compass's Canteen Vending Services sector.[2] Compass states that it employs Ms. Davito "to provide legal advice, counseling and guidance to management and human resources professionals across the country on matters pertaining to unionized personnel" and that Ms. Davito "also represents Canteen and

---

[1] Joint Letter Br. – ECF No. 23. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2–3.

ORDER – No. 18-cv-04411-LB

Compass' other sectors in administrative grievances, bargaining and matters relating to the union."[3]

Ms. Smith argues that the challenged documents "do not appear to be legal opinions, advice or any other 'confidential communication' between a lawyer and a client, but rather routine Human Resources communications related to Plaintiff's requests for a reasonable accommodation of her disability. The documents withheld by Defendant also predate the filing of this action by several months or more."[4] Compass responds that all of the challenged documents "were either drafted by or sent to Ms. Davito for the purposes of obtaining guidance and assistance on issues pertaining to Plaintiff or the subject litigation."[5]

The court provides the following guidance and directs the parties to further meet and confer to try to resolve their dispute. If, after meeting and conferring in good faith, they cannot resolve their dispute, they may raise their remaining issues in another joint letter brief to the court.

## ANALYSIS

### 1. Attorney-Client Privilege

"Pursuant to Federal Rule of Evidence 501, attorney-client issues in diversity cases are substantive and thus controlled by the forum state's law." *Great Am. Assur. Co. v. Liberty Surplus Ins. Co.*, 669 F. Supp. 2d 1084, 1090 (N.D. Cal. 2009).

The California Evidence Code provides that a client "has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer." Cal. Evid. Code § 954. The Code defines "confidential communication between client and lawyer" as "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the

---
[3] *Id.* at 3.
[4] *Id.* at 1.
[5] *Id.* at 3.

consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." Cal. Evid. Code § 952.

The California Supreme Court has held that "[t]he party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 733 (2009) (citing *D.I. Chadborne, Inc. v. Super. Ct.*, 60 Cal. 2d 723, 729 (1964); *Wellpoint Health Networks, Inc. v. Super. Ct.*, 59 Cal. App. 4th 110, 123 (1997)). "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Id.* (citing Cal. Evid. Code § 917(a); *Wellpoint Health*, 59 Cal. App. 4th at 123–24).

Ms. Smith argues that the twelve challenged documents do not appear to be legal opinions, advice, or other "confidential communications."[6] "[U]nder *Costco*, it is not the dominant purpose of a communication that dictates whether the attorney-client privilege is applicable; rather, the issue is what was *the dominant purpose of the relationship*." *Cason v. Federated Life Ins. Co.*, No. C-10-0792 EMC, 2011 WL 1807427, at *1–2 (N.D. Cal. May 11, 2011) (emphasis in original) (citing *Costco*, 47 Cal. 4th at 739–40). It is not clear from the parties' joint letter brief whether they have met and conferred on the issue of what the primary purpose of Compass's relationship with Ms. Davito is or was (as opposed to what the primary purpose of each individual challenged document was). The court directs the parties to further meet and confer on this issue.

---

[6] *Id.* at 1.

ORDER – No. 18-cv-04411-LB    3

## 2. Work-Product Protection

"Unlike issues of attorney-client privilege, issues concerning the work-product doctrine are procedural and thus governed by Federal Rule of Civil Procedure 26(b)(3)." *Great Am.*, 669 F. Supp. 2d at 1090 (citing *Bozzuto v. Cox*, 255 F.R.D. 673, 677 (C.D. Cal. 2009)).

"The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Id.* (quoting *United States v. Torf (In re Grand Jury Subpoena)*, 357 F.3d 900, 907 (9th Cir. 2004)). "In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the 'because of' test is used." *Id.* at 567–68 (quoting *Torf*, 357 F.3d at 907). "Dual purpose documents are deemed prepared because of litigation if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *Id.* at 568 (quoting *Torf*, 357 F.3d at 907). "In applying the 'because of' standard, courts must consider the totality of the circumstances and determine whether the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id.* (quoting *Torf*, 357 F.3d at 908).

It is not clear from the parties' joint letter brief whether they have met and conferred on the issue of whether the challenged documents were prepared in anticipation of litigation or for trial. (Compass claims work-product protection over all twelve documents but refers to litigation in connection with only one of them.[7]) The court directs the parties to further meet and confer on this issue.

---

[7] *Id.* at 3.

ORDER – No. 18-cv-04411-LB      4

# CONCLUSION

The court orders the parties to further meet and confer to try to resolve their disputes regarding the twelve documents in question. If, after meeting and conferring in good faith, they cannot resolve their dispute, they may raise their remaining issues in another joint letter brief to the court.

**IT IS SO ORDERED.**

Dated: December 3, 2018

_____
LAUREL BEELER
United States Magistrate Judge